# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| FRED ERIN DENNISON,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF JOHN McMAHON,<br><br>Defendants. | Case No. EDCV 17-02032-PSG (JDE)<br><br>MEMORANDUM AND ORDER DIMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.
## BACKGROUND

On October 3, 2017, Plaintiff Fred Erin Dennison ("Plaintiff"), who is apparently in pre-trial detention at the West Valley Detention Center located in Rancho Cucamonga, California (the "Jail"), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983). Dkt. 1 ("Complaint"). The Complaint alleges that Plaintiff's cell lacked a functioning light fixture for more than 50 days, and as a result, Plaintiff, who is representing himself on state court charges and has documented vision problems, has been forced to delay his criminal case. See Complaint at p. 5 (CM/ECF pagination). Plaintiff alleges that defendant Sheriff John McMahon ("Defendant McMahon") was

personally aware of the problem and "refused to have Jail staff repair [the] cell light even though [Plaintiff] informed him that [Plaintiff is] a certified pro per inmate and . . . [has] serious vision problems." Id. Plaintiff sues Defendant McMahon solely in his "official capacity." Id. at p. 3. Plaintiff seeks "monetary compensation" as a result of the alleged civil rights violation. Id. at p. 6.

In accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court must screen the Complaint to determine whether the action is frivolous or malicious, fails to state a claim on which relief might be granted, or seeks money damages against a defendant who is immune from such relief.

## II.
## STANDARD OF REVIEW

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and afford him the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has

held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that

"[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

### III.
### DISCUSSION

Section 1983 provides a method by which individuals can sue for violations of their federal rights. Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2002). To state a claim under § 1983, a plaintiff must allege that the violation was committed by a "person" acting under the color of State law. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The other requisite element is that a right secured by the Constitution or laws of the United States was violated. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166 (emphasis in original).

In Payne v. McDermott, 683 F. App'x 643, 645 (9th Cir. 2017), the Ninth Circuit affirmed a summary judgment of an official capacity claim against a sheriff-jailer by a pretrial detainee, finding that the official capacity suit was in reality an action against the government entity, and the plaintiff had not demonstrated that the challenged conduct resulted from a government policy or practice. Id. (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (municipalities are liable for violations of civil rights under Section 1983 if violations result from the execution of a government's policy or custom)).

Based upon the foregoing authorities, Plaintiff's claims against Defendant McMahon in his official capacity is properly treated as a claim

4

against the government entity he represents. Plaintiff has not alleged sufficient facts to state a claim for municipality liability under Monell; as a result, the Complaint, as it alleges only an official capacity suit against Defendant McMahon, fails to state a claim and is subject to dismissal.

With respect to whether the Complaint otherwise substantively states a claim, the Court notes that the Ninth Circuit has held that "[a]dequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment." Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985). Although a pretrial detainee's claim for unconstitutional conditions of confinement are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment, the same standards apply. Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010).

## IV.
## CONCLUSION

The Complaint as currently alleged fails to state a claim upon which relief may be granted and is subject to dismissal. Because it appears that the deficiency can be cured by amendment, dismissal will be with leave to amend.

Accordingly, if Plaintiff still desires to pursue his claim, he must file a First Amended Complaint ("FAC") **within thirty (30) days of the date of this Order**, remedying the deficiency discussed above. Specifically, if Plaintiff wishes to pursue a claim for damages against Defendant John McMahon individually, he must specify that the action is brought against the defendant in his individual capacity.

The FAC should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to use. In the event

Plaintiff no longer wishes to pursue this action, the Clerk is also directed to send Plaintiff a blank Central District Request for Dismissal form, which Plaintiff may use to dismiss the action if he wishes.

**Plaintiff is admonished that if he fails to timely file a timely FAC this action may be dismissed with prejudice for failure to diligently prosecute and for the reasons discussed in this Order.**

Dated:  October 18, 2017

　　　　　　　　　　　　　　　　　　/s/ John D. Early
　　　　　　　　　　　　　　　　　　JOHN D. EARLY
　　　　　　　　　　　　　　　　　　United States Magistrate Judge