UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| FRED ERIN DENNISON, | Case No. EDCV 17-02032-PSG (JDE) |
|---|---|
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER DIMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| WEST VALLEY DETENTION CENTER, et al., | |
| Defendants. | |

**I.**

**BACKGROUND**

On October 3, 2017, Plaintiff Fred Erin Dennison ("Plaintiff"), who is apparently in pre-trial detention at the West Valley Detention Center located in Rancho Cucamonga, California, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983" or 1983"). Dkt. 1 ("Complaint"). The Complaint alleged that Plaintiff's cell lacked a functioning light fixture for more than 50 days, and as a result, Plaintiff, who is representing himself on state court charges and has documented vision problems, has been forced to delay his criminal case. See Complaint at p. 5 (CM/ECF pagination). Plaintiff

initially brought claims against Defendant Sheriff John McMahon ("Sheriff McMahon") relating to the conditions of his confinement. Id.

On October 18, 2017, in accordance with its screening function pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court determined the action failed to state a claim as to Sheriff McMahon and ordered the Complaint dismissed with leave to amend. Dkt. 3. On November 7, 2017, Plaintiff submitted his First Amended Complaint, re-alleging violations of his civil rights. Dkt. 5 ("FAC"). In the FAC, Plaintiff does not name Sheriff McMahon but instead brings claims against "West Valley Detention Center" and the "Maintenance Department." Id. at 3.

After careful review and consideration of the allegations of the FAC under the relevant standards, the Court finds for reasons discussed hereafter that the FAC fails to state a claim on which relief may be granted.

## II.
## STANDARD OF REVIEW

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and afford him the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not

initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment"

where the "basic flaw" in the pleading cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

## III.

## DISCUSSION

Plaintiff names the "West Valley Detention Center" as a Defendant, in its individual capacity. FAC at 3. Plaintiff also names the "Maintenance Department" in its individual capacity, presumably alleging it is a department of the West Valley Detention Center as Plaintiff uses the same address for both named Defendants. See id. at 3.

Section 1983 provides a method by which individuals can sue for violations of their federal rights. Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2002). To state a claim under § 1983, a plaintiff must allege that the violation was committed by a "person" acting under the color of state law. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The other requisite element is that a right secured by the Constitution or laws of the United States was violated. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166 (emphasis in original).

The West Valley Detention Center, and its Maintenance Department, are facilities run by San Bernardino County ("the County"); accordingly, the entity that would be the real party in interest would the County. See Agnew v.

4

Victorville Police Sgt., No. ED CV 12-59-VAP (SP), 2012 WL 3627503, at *3 (C.D. Cal. June 27, 2012) (concluding that a prisoner's claims against West Valley Detention Center were more properly brought against the County of San Bernardino).

An entity may be sued under § 1983 for an injury inflicted by its employees or agents if the violations result from the execution of the government's policy or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). In order to hold the County liable under § 1983, Plaintiff must show (1) that he possessed a constitutional right of which he was deprived; (2) that the County had a policy; (3) that the policy amounts to deliberate indifference to Plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks omitted). "There must also be a direct causal link between the policy or custom and the injury, and [Plaintiff] must be able to demonstrate that the injury resulted from a . . . well-settled practice." Id. (quotations/citations omitted).

Based upon the foregoing authorities, Plaintiff's claims against the West Valley Detention Center and Maintenance Department are treated as a claim against the government entity of which they are sub-units, the County. Plaintiff has failed to identify any policy statements, regulations, officially adopted or promulgated decisions, customs, or practices implemented by the County that resulted in the constitutional violations about which Plaintiff complains. Therefore, Plaintiff has not alleged sufficient facts to state a claim for municipal liability under Monell; as a result, the FAC fails to state a claim and is subject to dismissal.

With respect to the substance of the claim set forth in the FAC, Plaintiff alleges his claims arise under the Eighth and Fourteenth Amendments based upon alleged inadequate shelter. FAC at 5. Prisoners who sue prison officials

5

for injuries suffered while in custody do so under the Eighth Amendment's Cruel and Unusual Punishment Clause, whereas pretrial detainees sue for such injuries under the Fourteenth Amendment's Due Process Clause. Castro v. County of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc).[1]

Civil rights claims under the Eighth Amendment for conditions of confinement required the satisfaction of two requirements: (1) an objective requirement that "the deprivation alleged . . . be sufficiently serious;" and (2) a subjective requirement that the "prison official [] have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official could not be found liable for denying an inmate humane conditions of confinement unless the official knew of and disregarded an excessive risk to inmate health or safety. Id. at 837.

In 2015, in Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015), the Supreme Court, relying upon the Fourteenth Amendment's Due Process Clause, held that for pretrial detainees, only an objective reasonableness test governed a Section 1983 excessive force case – stating "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." 135 S. Ct. at 2473.

Recently, the Ninth Circuit, noting the broad language used by the Supreme Court in Kingsley, held that the same objective-only standard for excessive force claims by pretrial detainees also applied to failure to protect claims by pretrial detainees. See Castro, 833 F.3d at 1071. Based upon the analysis of Castro, although previously pretrial detainee civil rights claims based upon a lack of humane conditions were analyzed under the Farmer

---

[1] Plaintiff's status during the alleged constitutional violation is unclear in the FAC. The Court will continue to treat Plaintiff's claims as those of a pretrial detainee based upon the nature of the institution and Plaintiff's reference to on-going state court criminal proceedings.

standard, it would appear that the Ninth Circuit would now analyze such claims under an objective-only standard. The Court will give Plaintiff the benefit of the objective-only standard in this case.

"Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). Further, "[a]dequate lighting is one of the fundamental attributes of adequate shelter required by the Eighth Amendment." Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985). In Hoptowit, the Ninth Circuit affirmed the decision of a lower court in finding lighting that was inadequate for reading and caused eye strain, fatigue, and hindered attempts to ensure sanitation, violated the Eighth Amendment. 753 F.2d at 783; see also Baptisto v. Ryan, No. CV-03-1393-PHX-SRB, 2006 WL 798879, at * 29 (D. Ariz. Mar. 28, 2006) (citing Hoptowit and requiring inmate-plaintiff to show some "adverse mental or physical effects as a result of the lighting" in support of a civil rights claim based upon cell lighting); cf. Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996) (requiring more than a single defective device to create an "objectively insufficiently inhumane condition").

Because the Court finds the allegations against the defendants in the FAC fails to state a claim under Monell, the Court has does not reach the sufficiency of the underlying substantive allegations. However, the Court directs Plaintiff to the foregoing cases regarding what some courts within this Circuit have required to state a civil rights claim based upon cell lighting.

### IV.
### CONCLUSION

The FAC fails to state a claim upon which relief may be granted and is subject to dismissal. Because it is not absolutely clear that the deficiencies cannot be cured by amendment, dismissal will be with leave to amend.

Accordingly, if Plaintiff still desires to pursue his claim, he must file a Second Amended Complaint ("SAC") **within thirty (30) days of the date of this Order**, remedying the deficiencies discussed above. The SAC should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document.

The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to use. In the event Plaintiff no longer wishes to pursue this action, the Clerk is also directed to send Plaintiff a blank Central District Request for Dismissal form, which Plaintiff may use to dismiss the action if he wishes.

**Plaintiff is admonished that if he fails to timely file a timely SAC this action may be dismissed for failure to diligently prosecute and for the reasons discussed in this Order.**

Dated:  November 20, 2017

JOHN D. EARLY
United States Magistrate Judge